IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARCY J. SCHNEIDER, | ) | 4:07CV3016 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL CHERTOFF, | ) | |
| SECRETARY OF UNITED STATES | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, in his official capacity, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff claims that she was discriminated against on the basis of age because she was not selected for a secretarial position at the Lincoln Municipal Airport, where she was already employed as a security screener.[1] The defendant has moved for summary judgment and argues that (1) the plaintiff cannot establish a prima facie case of age discrimination because the secretarial position was eliminated and never filled, and (2) in any event, the plaintiff is not entitled to any relief because her rate of pay would have remained the same.

The defendant's first argument assumes that a *McDonnell Douglas*[2] burden shifting analysis applies in this case and requires the plaintiff to prove that the secretarial position was filled by a younger person.[3] The plaintiff contends it is

---

[1] The plaintiff's claim is brought under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 to 634.

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[3] The defendant argues that "[t]o establish a prima facie case of age discrimination, a plaintiff must prove that: (1) she is a member of a protected class; (2) her job performance met legitimate expectations of the employer or she was

sufficient that the secretarial position, or at least a position that included secretarial duties, was offered to a younger individual.[4]

The defendant has presented the affidavit of Reno Bamford, who made the decision not to employ the plaintiff as a secretary. In the affidavit, Mr. Bamford explains his decisionmaking process:

> I started working for TSA in July 2002 as a Federal Security Director (FSD) at the Lincoln Municipal Airport in Lincoln, Nebraska (LNK). I became a Management Analyst [at the Eppley Airport in Omaha, Nebraska] for TSA on or about October 2006 following the disbanding of the Lincoln Directorate due to downsizing. . . .
>
> . . .
>
> On or about August 2003, I decided that I needed continued secretarial assistance because I intended to move my incumbent secretary into another of my three vacant staff positions for reasons of operational efficiency. There was no formal job announcement for the secretarial position and there was no Vacancy Announcement because field staffs were under a hiring freeze.

---

qualified for the positions for which she applied; (3) she suffered an adverse employment action either because she was discharged or not hired for the positions she applied for despite being sufficiently qualified; and (4) she was replaced by, or the job for which she applied, was filled by a person 'sufficiently younger to permit an inference of age discrimination.' *Simonson v. Trinity Reg'l Health Sys.*, 336 F.3d 706, 710 (8th Cir. 2003)." (Filing 18, at 8.)

[4] The plaintiff also argues that the person who made the hiring decision told another manager that the plaintiff would not be selected for the secretarial position because she was too old. While such a statement would constitute direct evidence of age discrimination, *see EEOC v. City of Independence*, 471 F.3d 891, 894 (8th Cir. 2006), the plaintiff's proof that such a statement was actually made does not satisfy the affidavit requirements of Federal Rule of Civil Procedure 56(e). In fact, as will be discussed, none of the plaintiff's evidentiary materials can be considered.

Three individuals from our workforce at LNK expressed an interest in pursuing the potential secretarial position: Plaintiff, Kristi Bender, and Carol Prentice. My staff began some preliminary assessments of these individuals.

During the preliminary assessment, Carol Prentice withdrew her application because she felt she did not possess the requisite computer skills.

The other two applicants were given an opportunity to fill the secretarial position on a trial basis for 30 days each and have their performance evaluated.

During the evaluation process, the North Central Area Director initiated a staff right-sizing study. Note that field staffs were already under a hiring freeze and no staff hiring actions would be made until results of the study were released. At the conclusion of the study, the Area Director informed me that the Lincoln Directorate had lost three staff positions. I decided that one of the positions would be that of the secretary and those duties would have to be absorbed by the remaining staff. As a result of the staff reduction and my decision to eliminate the secretarial position, the preliminary evaluation process was terminated and I made no selection.

A few weeks following, I asked Kristi Bender if she wanted to remain a Screener but perform some collateral secretarial duties for the Directorate. Bender declined this offer. Had she accepted it, her title, primary duties, and salary would have remained as a Screener. Because there was again discussion of further Screening Force rightsizing, I decided to wait and see the outcome before I again worked the secretarial issue.

As stated previously, I hired no one into the secretarial position and no screener performed secretarial duties for me. Rather, secretarial duties were absorbed by the staff with the incumbent secretary assisting remaining staff performing tasks associated with the other two lost positions.

> Following the incumbent secretary's decision to leave TSA, I never hired another secretary for the Directorate.

(Filing 17-3, at 2-3 (paragraph numbering omitted).)

The plaintiff attempts to cast doubt on Mr. Bamford's explanation by stating in an "affidavit" that she learned from other employees within a few days after her 30-day trial period that the job had been offered to Kristi Bender, who turned it down, and that when the plaintiff later asked Mr. Bamford when he was going to inform her that she was not getting the job, he replied that he had offered the job to Ms. Bender. (Filing 23, Exhibit 1, ¶¶ 8-10.) The plaintiff has also offered the "affidavit" of Boyd Jeffries, an Administrative Officer at the Lincoln airport, who says that Mr. Bamford commented at a meeting in November 2003, during the second or third week of the plaintiff's trial period, that she was "too old and too emotional" for the secretarial job. (Filing 23, Exhibit 3, ¶ 6.) These statements by the plaintiff and Mr. Jeffries would be sufficient to create a genuine issue of material fact regarding the truthfulness of Mr. Bamford's explanation, but they are not in proper form to be considered as evidence in opposition to the defendant's motion for summary judgment.

Both "affidavits" are signed and witnessed,[5] but neither document is notarized or executed under penalty of perjury. "While Rule 56(e) only states that papers referred to *in* the affidavit must be 'sworn,' an affidavit, by definition, is 'a statement reduced to writing and the truth of which is sworn to before someone who is authorized to administer an oath.' *Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir.1985) (emphasis added)." *Elder-Keep v. Aksamit,* 460 F.3d 979, 984 (8th Cir. 2006). "In addition, 28 U.S.C. § 1746 mandates that the affiant declare, under penalty of perjury, that the facts contained in the affidavit are true. Therefore, '[a]ffidavits are admissible in summary judgment proceedings [only] if they are made under penalties

---

[5] Both "affidavits" were signed on January 5, 2005, more than 2 years prior to the filing of the present action.

4

of perjury,' meaning that a district court may properly reject unsworn documents." *Id*. (holding that district court, in considering a motion for summary judgment, was authorized to exclude sua sponte two opposing affidavits that lacked signatures and attestation before a notary public). Because the defendant has objected to both "affidavits", they will be excluded from consideration.[6]

The defendant's evidence, which must now be accepted as uncontroverted, establishes that Mr. Bamford decided to eliminate the secretarial position because of a mandated reduction in his staff. To the extent that the plaintiff suffered an adverse employment action as a result of the elimination of this position, it simply cannot be inferred that the plaintiff's age played a part in Mr. Bamford's decision. While it does appear that Mr. Bamford later offered to have Ms. Bender perform some secretarial duties while retaining her position as a security screener, this is not the job for which the plaintiff applied.[7] I therefore conclude as a matter of law that the plaintiff cannot prevail on her age discrimination claim.

Accordingly,

IT IS ORDERED that the defendant's motion for summary judgment (filing 16) is granted. Judgment shall be entered by separate document.

August 31, 2007.        BY THE COURT:

         s/ *Richard G. Kopf*
         United States District Judge

---

[6] The deficiencies in the "affidavits" were pointed out in the defendant's reply brief, filed on August 6, 2007. The plaintiff has not requested leave to cure the defects by filing substitute affidavits.

[7] I need not consider the defendant's second argument regarding the plaintiff's inability to recover backpay based on the job offer that was made to Ms. Bender.